UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL EXPERIENTIAL, LLC, ) | | |
| ) | | |
| Plaintiff, ) | No. | 21-cv-810 |
| v. ) | | |
| ) | The Honorable Steven C. Seeger | |
| ) | | |
| CITY OF CHICAGO, MB REAL ESTATE ) | | |
| SERVICES, INC., CHICAGO ) | | |
| CONVENTION AND TOURISM ) | | |
| BUREAU, INC. d/b/a CHICAGO SPORTS ) | | |
| COMMISSION, and KARA BACHMAN, ) | | |
| ) | | |
| Defendants. ) | | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following status report and discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.     Nature of the Case**

A.   Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

**Plaintiff National Experiential LLC:**
Edward R. Moor, Lead trial attorney
Moor Law Office, P.C.
53 W. Jackson Blvd., Suite 1527
Chicago, Illinois 60604
312-726-6207
erm@moorlaw.net

**Defendant City of Chicago:**
Andrew S. Mine, Lead trial attorney
City of Chicago, Law Department
2 North LaSalle Street, Suite 520
Chicago, Illinois 60602
312-744-7220
amine@cityofchicago.org

Oscar Pina
City of Chicago, Department of Law
2 N. LaSalle St., Suite 520
Chicago, Illinois 60602
312-742-0797
Oscar.Pina@cityofchicago.org

**Defendant MB Real Estate Services, Inc.:**

Paige Moray Neel. Lead trial attorney
Clausen Miller P.C.
10 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
312-855-1010
pneel@clausen.com

Max Gerald Wessels
Clausen Miller P.C.
10 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
312-606-7784
MWessels@clausen.com

**Defendants Chicago Convention and Tourism Bureau, Inc. and Kara Bachman:**

Langdon David Neal, Lead trial attorney
Neal & Leroy, LLC
20 South Clark Street, Suite 2050
Chicago, Illinois 60603
312-641-7144
lneal@nealandleroy.com

Richard Freund Friedman
Neal & LeRoy, LLC
20 South Clark Street, Suite 2050
Chicago, Illinois 60603
312-628-7077
rfriedman@nealandleroy.com

B. State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

> If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things. **First**, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business. **Second**, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of each and every partner/member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.

The basis for federal jurisdiction is 28 U.S.C. 1331 as to the federal civil rights claims. As to the state law claims jurisdiction is conferred by 28 U.S.C. § 1332 as the Plaintiff is a New York citizen and the Defendants are all citizens of the State of Illinois.

The only LLC in the case is Plaintiff. The sole member of National Experiential LLC is Bruce Yeager, who is also a citizen of the State of New York.

C.  Provide a short overview of the case in plain English (five sentences or less).

Plaintiff, a company that provides, *inter alia*, outdoor temporary light displays, contracted with Nike to project light and images, including an image of Michael Jordan's "jumpman," onto the Prudential and AON buildings during the week of NBA's "All-Star Weekend" in Chicago in February 2020. Plaintiff alleges that after first indicating that no special permit was required, the City of Chicago, aided by all Defendants, prevented Plaintiff from performing by violating its First Amendment right to free speech. Plaintiff also alleges that the City applied an ordinance that on its face violates the First Amendment to United States Constitution. Plaintiff also alleges that the City breached its contract with Plaintiff that allowed for the display, and alleges that MB Real Estate, the Chicago Convention and Tourism Bureau and Kara Bachman individually tortiously interfered with Plaintiff's contract with the City of Chicago. Plaintiff alleges that the City's conduct was also tortious interference in its contract with Nike, and that the intentional conduct of all Defendants was a civil conspiracy to unlawfully and tortiously interfere with its contracts.

D.  Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Plaintiff's claims are:   Count I – Violation of the Free Speech Clause of the First Amendment by all Defendants

Count II – Free Speech (Unconstitutional Zoning Ordinances – City of Chicago)

Count III – Breach of Contract by City of Chicago

Count IV – Tortious Interference with Contract – MB Real Estate Services, Inc., Chicago Convention and Tourism Bureau, Inc., and Kara Bachman

3

        Count V – Tortious Interference with Plaintiff's contract with Nike/McDonald Media by the City of Chicago

        Count VI – Civil Conspiracy by all Defendants

The Defendants have moved to dismiss the complaint, and have therefore not yet asserted affirmative defenses.

    E.    What are the principal factual issues?

Whether Defendants violated Plaintiff's right to exercise free speech.

Whether the non-government Defendants engaged in conduct that was fairly attributable or chargeable to the City of Chicago. MB does not agree that this is an issue in the present matter.

Whether the City breached the Millennium Park License Agreement.

Whether the nongovernmental Defendants tortiously interfered with the Plaintiff's contract with the City of Chicago.

Whether the City of Chicago wrongfully interfered with the Plaintiff's contract with Nike.

Whether the Defendants engaged in a conspiracy to prevent Plaintiff from performing various contracts.

Whether Plaintiff complied with its obligations under the alleged contracts.

    F.    What are the principal legal issues?

Whether the municipal ordinances at issue, primarily MCC § 17-12-0804, were unconstitutionally applied by the City in violation of the Free Speech Clause.

Whether MCC § 17-12-0804 is unconstitutional on its face.

Whether Plaintiff's proposed activity was commercial or non-commercial speech.

    G.    What relief is the plaintiff(s) seeking? Quantify the damages, if any.
           (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).

Apart from declaratory relief, the Plaintiff is seeking in excess of $1,200,000.

    H.    Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

All Defendants have been served.

II. **Discovery**

A. Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. ***Fill in the blanks, below.***

Also, submit a Word version of the proposed scheduling order to Judge Seeger's proposed order inbox, Proposed_Order_Seeger@ilnd.uscourts.gov. The template is available on the Court's webpage.

| Event | Deadline |
| --- | --- |
| Amendment to the pleadings | May 14, 2021, pursuant to Fed. R. Civ. P. 15(a) |
| Service of process on any "John Does" | n/a |
| Completion of Fact Discovery | January 31, 2022 |
| Disclosure of Plaintiff's Expert Report(s) | One month after the close of fact discovery: March 1, 2022 |
| Deposition of Plaintiff's Expert | May 1, 2022 |
| Disclosure of Defendant's Expert Report(s) | June 2, 2022 |
| Deposition of Defendant's Expert | August 1, 2022 |
| Dispositive Motions | One month after the close of expert discovery: September 1, 2022 |

B. How many depositions do the parties expect to take?

Plaintiff anticipates needing six to seven fact depositions.

Defendants anticipate that 10-14 depositions will be taken.

      C.      Do the parties foresee any special issues during discovery?

             Not currently.

      D.      Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

             If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.

## III. Trial

      A.      Have any of the parties demanded a jury trial?

             Yes.

      B.      Estimate the length of trial.

             Five days.

## IV. Settlement, Referrals, and Consent

      A.      Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do <u>not</u> provide any particulars of any demands or offers that have been made.)

             No.

      B.      Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

             No.

      C.      Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

             The parties do not consent to proceed before a Magistrate Judge.

## V. Other

A. Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

Not at this time.

B. Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

Not at this time.

Respectfully submitted,

| | |
|---|---|
| NATIONAL EXPERIENTIAL, LLC | CITY OF CHICAGO |
| By: /s/ Edward R. Moor | By: /s/ Andrew S. Mine |
| Moor Law Office, P.C.<br>53 W. Jackson Blvd., Suite 1527<br>Chicago, Illinois 60604<br>erm@moorlaw.net | Andrew S. Mine<br>Oscar Pina<br>City of Chicago, Law Department<br>2 North LaSalle Street, Suite 520<br>Chicago, Illinois 60604<br>amine@cityofchicago.org<br>Oscar.Pina@cityofchicago.org |
| MB REAL ESTATE SERVICES, INC. | CHICAGO CONVENTION AND TOURISM BUREAU, INC. and KARA BACHMAN |
| By: /s/ Paige Moray Neel | By: /s/ Langdon David Neal |
| Paige Moray Neel<br>Max Gerald Wessels<br>Clausen Miller P.C.<br>10 South LaSalle Street, Suite 1600<br>Chicago, Illinois 60603<br>MWessels@clausen.com<br>pneel@clausen.com | Langdon David Neal<br>Richard Freund Friedman<br>Neal & Leroy, LLC<br>20 South Clark Street, Suite 2050<br>Chicago, Illinois 60603<br>lneal@nealandleroy.com<br>rfriedman@nealandleroy.com |